IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT B. EWING<br>155 Tulip Drive<br>Marysville, Ohio 43040 | :<br><br>:   CASE NO. 2:11-cv-406 |
| Plaintiff | |
| | :   JUDGE |
| v. | |
| | :   MAGISTRATE JUDGE |
| OPENONLINE, LLC<br>c/o Robert J. Tannous<br>41 South High Street<br>Columbus, Ohio 43215 | :<br><br>: |
| Defendant. | : |

## COMPLAINT
### (with Jury Demand)

NOW COMES Plaintiff Robert B. Ewing hereby proffers this Complaint for damages against Defendant OPENonline, LLC.

## THE PARTIES

1. Plaintiff is a natural person residing in Union County, Ohio.

2. Defendant is an Delaware limited liability company licensed to do business, and doing business, in the State of Ohio.

## JURISDICTION AND VENUE

3. Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.  Count II is brought on the same core of operative fact, and therefore subject to supplemental jurisdiction [pursuant to 28 U.S.C. §1367.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the unlawful actions Defendant took were communications to prospective employers located in the area of the U.S. District Court for the Southern District of Ohio, Eastern Division.

## FACTUAL BACKGROUND

5. Plaintiff was convicted of a crime in 1998 in the Court of Common Pleas for Union County, Ohio.

6. On March 17, 2009, Plaintiff's conviction set forth in ¶5 above was expunged and sealed by the Court of Common Pleas for Union County, Ohio with the following pertinent language: "…all official records pertaining to this case shall be sealed and all indexed references thereto shall be deleted, that the proceedings in said case shall be deemed not to have occurred, and that the Defendant's conviction shall be expunged, subject to the exceptions and provisions set forth in R.C. 2953.32, as amended."

7. Since March 17, 2009, Plaintiff has applied for numerous employment positions. He has received very few offers, most of which were withdrawn upon a "background check." In one instance, he started a job only to be discharged soon after he began, because of a "background check."

8. Upon applying for employment to IBS Security, located in Galena, Ohio, on February 9, 2011, Plaintiff was told specifically that the prospective employer would like to hire him, but would not hire him solely because it had received a report of his expunged conviction from Defendant.

9. Through information and belief, Defendant did not attempt to properly update any background profile it had on Plaintiff, thereby causing him not to obtain employment.

10. Through information and belief, Defendant has provided information to prior prospective employers of Plaintiff within the last two (2) years that has caused Plaintiff not to be hired.

## COUNT I
### VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")
### 15 U.S.C. §1681a

11. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-10 above as if fully rewritten here.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

13. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

14. The report provided by Defendant to IBS Security (and probably other entities) is a "consumer report" as defined by 15 U.S.C. §1681a(d).

15. Plaintiff suffered an "adverse action" as defined by 15 U.S.C. §1681a(k).

16. Defendant violated the FCRA by not insuring that the information it provided in regards to the expunged conviction was current at the time it reported the information to IBS Security and, through information and belief, to other potential employers.

17. Defendant's violation was both a willful violation, and a violation involving negligence.

18. Defendant's violation of the FCRA entitles Plaintiff to compensatory damages, attorneys fees and costs in an amount to be determined by a jury, and to punitive damages in an amount to be determined by the Court, the total of which in any event shall not be less than $250,000.00.

## COUNT II
## NEGLIGENT MISREPRESENTATION

19. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-18 above as if fully rewritten here.

20. Defendant, as an agency that provides employment background checks, violated the reasonable standard of care in the industry in its erroneous report regarding Plaintiff's background made to IBS Security and to other employers.

21. Defendant's negligence was gross, and in reckless disregard for Plaintiff's legal rights.

22. Defendant's negligent misrepresentation(s) entitles Plaintiff to compensatory damages, punitive damages, attorneys fees and costs in an amount to be determined by a jury, but not be less than $250,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, compensatory damages, attorneys fees and costs in an amount to be determined by a jury, and to punitive damages in an amount to be determined by the Court, the total of which shall in any event not be less than $250,000.00; and,

for Count II, compensatory damages, punitive damages, attorneys fees and costs in an amount to be determined by a jury, but not be less than $250,000.00.

## JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

4

Respectfully Submitted,


s/ Gary A. Reeve
Gary A. Reeve (0064872)
Law Offices of Gary A. Reeve, LLC
513 East Rich Street, Ste. 308
Columbus, Ohio 43215
(614) 808-1881